In the Matter of the Application of DAVID FRIEDMAN, Judgment Creditor, for a Charging Order and for the Appointment of a Receiver of Moneys and Property Accruing to Interest of HARRY CHIERT, Judgment Debtor.

City Court of New York, Borough of Brooklyn, October 18, 1933.

*Benjamin S. Blutreich*, for the petitioner.

*Arthur J. W. Hilly*, Corporation Counsel [*William R. Wilson* of counsel], for the respondent.

GOLDSTEIN, J. Petitioner seeks an order compelling the clerk of this court to accept a long form order, without requiring the payment of a fee for the entry of a purported order signed by one of the justices of this court.

A motion in this matter was made on the 26th day of September, 1933, for an examination of the judgment debtor. That motion was granted on default and attached to the moving papers was

the customary form used for short form orders by the City Court. That paper recites, by reference, the papers submitted upon the motion, and the following memorandum of the judge: " Upon the foregoing papers, this motion to direct judgment debtor and his copartners to appear for examination is granted on default. Submit order."

The clerk, pursuant to section 55 of the New York City Court Act, as amended by chapter 828 of the Laws of 1933, has demanded a fee of twenty-five cents for filing the purported order, and an additional fee of fifty cents for filing the long form order. It is evident that the purported order, in its present form, is nothing but a memorandum of the judge as to his decision with a direction that an order be entered. In the case of *Matter of Pearson* v. *Wilson* (214 App. Div. 847) the requirement is laid down that for a paper to constitute an order it must be unambiguous in its terms. The foregoing memorandum fails to set forth the time and place at which the debtor must appear for examination, and to that extent must be deemed to be ambiguous, and, therefore, cannot constitute an order. (*Howard* v. *Freeman*, 6 Robt. 511.)

The situation at bar is similar to the numerous applications received by this court in motions to punish for contempt, and in those cases it is customary to write the memorandum upon the usual short form blank, with the notation to submit an order. The memorandum in those decisions would not constitute such an order as required by section 770 of the Judiciary Law, which requires that the order shall set forth fully the grounds of contempt.

From a reading of the amendment to section 55 by the recent Legislature, it is evident that it was not intended to charge two fees for the entry of an order, and it provided a maximum fee of fifty cents to be charged where a long form order was entered, and in such cases where the decision was written upon the papers, which might in form constitute an order, it was certainly not their intention to charge seventy-five cents for the entry of an additional long form order, for pursuant to rule 70 of the Rules of Civil Practice, there may be only one order in any motion.

An analogous situation arises on applications made for the appointment of a receiver in supplementary proceedings, and in those cases it has been customary to write a memorandum upon the papers, which may be deemed to be of sufficient form to constitute an order, but in all cases it has been the practice of this court to demand a submission of a long form order, with a full recital of all the papers and facts.

The fees, as they stand at the present time, constitute a hardship upon the bar, and to construe this section so as to require charges

that were evidently not within the intention of the Legislature, would be imposing additional burdens upon the already financially harassed lawyers.

The clerk is, therefore, directed to file the memorandum, without payment of any fee, and upon the entry of the long form order to collect the customary fifty cents fee. Submit order.